## SARAH R. BLOSSOM *vs.* BARNABAS BLOSSOM.

The widow of a tenant in common, whose interest was conveyed in his lifetime, without release of dower, to his cotenant, may maintain a writ of dower against the latter, and have her dower set out to her by metes and bounds.

WRIT OF DOWER. At the trial in the superior court, before *Morton, J.,* it appeared that during coverture the demandant's husband was seised of one undivided half of the premises as tenant in common with the tenant, and during the coverture the assignee in insolvency of the demandant's husband conveyed said undivided half by deed to the tenant, she not releasing her

dower therein No partition of the premises has ever been made. The judge directed a verdict for the tenant, which was accordingly rendered, and the demandant alleged exceptions.

*T. Weston, Jr.* for the demandant.

*J. M. Morton, Jr.* for the tenant.

HOAR, J. It is conceded that the widow is entitled to dower but the objection is made that she cannot have it set out to her by metes and bounds, because the half of the land of which her husband was seised during the coverture was held by him as tenant in common with the owner of the other half, and that under our statute no other mode of assigning dower is recognized but by metes and bounds, except in the case of a mill, or other property physically incapable of such a division without destroying its value. In other words, she is entitled to dower, but there is no lawful mode in which she can assert her right to it.

We do not understand our statutes as leading to any such result. By Gen. Sts. *c.* 135, § 1, it is enacted that " when a woman is entitled to dower, and it is not set out to her " . . . " nor assigned to her by the probate court, she may recover the same by a writ of dower, in the manner hereinafter provided." By § 7, provision is made for setting out her dower by commissioners after she has recovered judgment. In § 8 is provided the mode of assigning dower from the rents or profits, in case of a mill or tenement which cannot be divided without damage. Nothing is said of metes and bounds; and the definition of dower, and the manner of setting it out in other cases than that named in § 8, are left to be governed by the rules of the common law.

In *c.* 90, § 1, it is enacted that " every woman shall be entitled to her dower at common law in the lands of her husband, to be assigned to her after his decease, unless she is lawfully barred thereof." Where her right is not contested, the same chapter provides for the assignment of dower by the probate court; and by § 4, when she is entitled to dower in lands owned by her husband as tenant in common, the probate court may upon her petition make partition before assigning her dower.

But not only is the language of our statutes clearly broad enough to include it, but, by all the authorities, the widow of a tenant in common is entitled at common law to dower in her husband's portion. 2 Cruise Dig. (Greenl. ed.) tit. xx. § 23. *Sutton* v. *Rolfe*, 3 Lev. 84. Co. Litt. 32 *b*, 37 *b*.

The demandant's exceptions must therefore be sustained, as she is entitled to maintain her action upon the facts stated in the bill of exceptions.

If her husband had not aliened in his lifetime, the mode of assignment of dower after judgment in her favor would be of one third of the husband's moiety, that is, of one sixth of the whole land, to hold as tenant in common. Fitzherbert Nat. Brev. 149 I. Co. Litt. *ubi supra.*

But in this case, the husband's assignees having aliened to the other tenant in common, we can see no reason why one sixth should not be set out to her in severalty by metes and bounds. It was held in *Potter* v. *Wheeler*, 13 Mass. 504, that where the husband, who was seised as tenant in common, had made partition by deed with the other tenant, dower should be assigned in the moiety which he took in severalty by the partition ; because partition is an incident to every tenancy in common. And the termination of the tenancy in common by unity of possession and title is equally an incident of such an estate. The wife being entitled to an undivided sixth, and there being no estate to be held in common, except as it arises from setting off her portion, there seems to be no good reason why it may not be set off in severalty, as it would be of one third if the tenant held the whole by conveyance from the husband without release of dower. *Exceptions sustained.*